UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 24-44 |
| ODINE DOMINICK | SECTION I |

ORDER AND REASONS

Before the Court is a motion[1] *in limine* filed by defendant to exclude certain text messages and emails intended to facilitate communication with his counsel about plea negotiations. The government filed a response in opposition.[2] For the reasons set forth below, the Court denies the motion.

I. BACKGROUND

Defendant has been charged in a three-count superseding indictment.[3] Count one charges that, on or about December 14, 2023, defendant possessed with the intent to distribute controlled substances—specifically 40 grams or more of a mixture or substance containing a detectable amount of fentanyl and a quantity of mixture or substance containing a detectable amount of marijuana—in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 841(b)(1)(D).[4] Count two charges that, on or about December 14, 2023, defendant possessed a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i).[5] Count three charges that,

---

[1] R. Doc. No. 64.
[2] R. Doc. No. 62.
[3] R. Doc. No. 42.
[4] *Id.* at 1.
[5] *Id.* at 2.

on or about December 14, 2023, defendant, being a felon, possessed a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).[6]

Defendant sent a message through the jail messaging system to a girlfriend, Marilyn Henry (incorrectly identified as Corneisha in defendant's motion), to be sent to another friend, "Tae," to then be ultimately sent to Grace Bronson, an attorney who worked in defense counsel's office (but who is not enrolled as defense counsel).[7] Henry responded to defendant through the jail messaging system with a screenshot showing that she sent defendant's message to a contact named "Tae" with the accompanying message: "Hey Tae, odine said to send you this so you could send to his lawyer please."[8] In defendant's message, he requested an update on his request to speak with the government regarding a plea agreement that would allow him to plead guilty to the counts that he is willing to accept.[9]

Defendant moves to exclude these communications on two bases.[10] First, they are inadmissible pursuant to Federal Rule of Evidence 410.[11] Second, they are inadmissible as communications protected by the attorney-client privilege.[12]

---

[6] *Id.*
[7] R. Doc. No. 64, ¶ 2; R. Doc. No. 62, at 1.
[8] R. Doc. No. 62, at 1; R. Doc. No. 62-1.
[9] R. Doc. No. 62-1.
[10] R. Doc. No. 64, ¶¶ 3–4.
[11] *Id.* ¶ 3.
[12] *Id.* ¶ 4.

## II. ANALYSIS

### a. Federal Rule of Evidence 410

Federal Rule of Evidence 410 renders "a statement made during plea discussions with an attorney for the prosecuting authority" inadmissible against a defendant who participated in the plea discussions. Fed. R. Evid. 410(a)(4). In *United States v. Mejia*, the incarcerated defendant told his sister on a jail call to tell his brother to inform the defendant's lawyer about his willingness to plead guilty. 655 F.3d 126, 129 (2d Cir. 2011). The defendant later argued that this conversation was inadmissible pursuant to Rule 410. *Id.* at 135.

The Second Circuit disagreed. It stated that, "[b]y its very terms, Rule 410 does not apply to the conversation between [defendant] and his sister." *Id.* The court focused on the fact that the defendant did not argue that his sister "was acting for, or on behalf of, the prosecuting authority." *Id.*

*Mejia* is directly on point, and the Court is persuaded by its reasoning. At a minimum, Rule 410 requires some nexus between the recipient of defendant's statement and the prosecuting authority. There is no evidence that Henry was acting on behalf of the prosecuting authority when she received defendant's message. Instead, she received the message because defendant wanted her to pass the message along. She therefore acted on behalf of defendant rather than the prosecuting authority. Accordingly, Rule 410 does not preclude the admission of the defendant's message.

### b. Attorney-Client Privilege

For a communication to be protected by the attorney-client privilege, the proponent must prove: (1) that he made a confidential communication; (2) to a lawyer or his subordinate; (3) for the primary purpose of securing either a legal opinion or legal services, or assistance in some legal proceeding. *Equal Emp. Opportunity Comm'n v. BDO USA, L.L.P.*, 876 F.3d 690, 695 (5th Cir. 2017). "Determining the applicability of the privilege is a highly fact-specific inquiry, and the party asserting the privilege bears the burden of proof." *Id.* (internal quotation marks omitted).

The Court finds that defendant has not met his burden of proving that the privilege applies. The defendant's cursory assertion of the privilege, without adequate citation to caselaw, does not suffice. Defendant's only explication is that the messages are privileged because they were "clearly intended by [defendant] to be in the service of facilitating communication . . . to his attorneys."[13] However, defendant's intent as to the ultimate recipient of the message does not establish that the message was sent to someone who was his lawyer or a subordinate. He introduces no evidence to establish that Henry was acting as a subordinate to his attorney. As explained above, the message indicates that Henry was acting on defendant's behalf. Accordingly, the second prong of the test for the attorney-client privilege is not satisfied.

Furthermore, the Court finds that the first prong regarding the confidentiality of the communication is not satisfied either. The government asserts that the message was not privileged because all communications over the jail messaging

---

[13] *Id.* ¶ 5.

system are monitored by prison employees, and defendant knew as much.[14] A defendant's communication on a platform he knows to be monitored are not confidential for the purposes of the attorney-client privilege. *See Mejia*, 655 F.3d at 133; *United States v. Quinn*, No. 09-cr-00141, 2013 WL 12233928, at *5 (N.D. Tex. Aug. 30, 2013) ("In summary, this Court determines that conversations over openly recorded prison phones lack the confidentiality necessary for the attorney-client privilege."). Since defendant cites no evidence to the contrary establishing that he believed his communications were confidential, he has not met his burden of establishing confidentiality.

### III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that defendant's motion is **DENIED**.

New Orleans, Louisiana, June 5, 2025.

                    LANCE M. AFRICK
                UNITED STATES DISTRICT JUDGE

---

[14] R. Doc. No. 62, at 3.